IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUSTIS A. IRELAND,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER CONSTRUING MOTION TO EXTEND TIME AS MOTION UNDER § 2255, GRANTING 30 DAYS TO FILE AMENDED MOTION AND DENYING DISCOVERY REQUEST AND REQUESTS FOR TRANSCRIPTS<br><br>Criminal Case No. 2:04-CR-658 TS |

This matter is before the Court on Defendant's Motion to Be Granted Extension of Time to File for Relief Under 28 U.S.C. § 2255.  Defendant filed his Motion on February 13, 2006, within the one-year statute of limitations, which began to run on September 6, 2005, the day that his criminal conviction became final.[1]  The Court finds that Defendant does

---

[1] Rule 3(c), Rules Governing § 2255 Proceedings and 28 U.S.C. § 2255 (1) (providing that a one-year period of limitations shall run from the "the date on which the judgment of conviction becomes final").

1

not state grounds for extending the time in which to file his Motion, because all of the events he alleges prevent timely filing were over by November 21, 2005, leaving him ten months in which to file. However, in his Motion, Defendant references the grounds set forth in his earlier Motion for Appointment of Appellant Counsel, which the Tenth Circuit construed as an untimely appeal. The earlier Motion alleged the general grounds Defendant seeks relief under § 2255—ineffective assistance of counsel. Defendant alleges that his plea was not voluntary because his counsel coerced him into entering into the plea agreement.

Having considered the Motion to Extend Time, the Court finds that it should be construed as a Motion to Vacate his Sentence under § 2255. However, in construing a Motion filed in a criminal case which requests relief as outlined in 28 U.S.C. § 2255, the Court is required to make Defendant "aware of the risk associated with recharacterization" as a § 2255 motion, and obtain Defendant's assent or, the Court must "conclude[] that the [defendant's] motion can only be considered under § 2255 and offer[] the movant the opportunity to withdraw the motion rather than have it so recharacterized."[2] Thus, Defendant must be given an "opportunity to contest the recharacterization, or to withdraw or amend the motion."[3] The Court will allow Defendant thirty days to file an Amendment to the Motion under § 2255, or to object to the recharacterization or to withdraw his motion.

Defendant's Motion also seeks unspecified discovery citing only the Magistrate

---

[2] *United States v. Nelson*, 463 F.3d 1145, 1149 (10th Cir. 2006).

[3] *Castro v. United States*, 540 U.S. 375, 381 (2003).

2

Judge's announcement, during Defendant's initial appearance, of a discovery deadline for the government.  However, Defendant has not stated what the discovery is or how it relates to the sole grounds for seeking to vacate his sentence—ineffective assistance of counsel in connection with his plea.  Defendant also seeks transcripts.  Again, Defendant has not specified which transcripts he requires or how they relate to the grounds he alleges for vacating his sentence.   At a minimum, a request for a transcript must include the date of a hearing or the type of hearing (e.g. Change of Plea hearing or sentencing hearing).  Finally, the Court notes that a Motion under § 2255 does not reopen the underlying criminal case.  Instead, it is limited to examination of the grounds that the Defendant alleges as a basis for his petition to vacate his sentence.  In this case, the only grounds alleged are that Defendant did not voluntarily enter his plea due to ineffective assistance of counsel.  It is therefore

ORDERED that Defendant's Motion to Be Granted Extension of Time to File for Relief Under 28 U.S.C. § 2255 (Docket No. 32) is construed as a Motion to Vacate Sentence under 28 U.S.C. § 2255.  It is further

ORDERED that Defendant has thirty days from the entry of the this Order to either file an Amended Petition under § 2255 or to object to this recharacterization, or to request the withdrawal thereof.  It is further

ORDERED the Clerk of Court is directed to mail a § 2255 pleading packet to Petitioner.  It is further

ORDERED that Defendant's requests for discovery and for transcripts are DENIED without prejudice.

DATED July 6, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge