IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUSTIS A. IRELAND,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ALLOWING WITHDRAWAL OF MOTION CONSTRUED AS § 2255 MOTION<br><br><br><br>Criminal Case No. 2:04-CR-658 TS |

This matter is before the Court on Defendant's Petition to Request Withdrawal of Motion to Be Granted Extension of Time to File for Relief under 28 U.S.C. §2255 and Objection to its Characterization as Motion to Vacate Under § 2255 (Petition to Withdraw).

On July 6, 2007, the Court entered its Memorandum Decision and Order construing Defendant's Motion for Extension of Time to File for Relief Under § 2255 as a Motion for Motion to Vacate his Sentence under § 2255.  In so doing, the Court complied with the requirement that when construing a Motion filed in a criminal case which requests relief as outlined in 28 U.S.C. § 2255, Defendant be made "aware of the risk associated with recharacterization" as a § 2255 motion, and obtain Defendant's assent or, the Court must

1

"conclude[] that the [defendant's] motion can only be considered under § 2255 and offer[] the movant the opportunity to withdraw the motion rather than have it so recharacterized."[1] Accordingly, the Court provided Defendant an "opportunity to contest the recharacterization, or to withdraw or amend the motion."[2] The Court allowed Defendant thirty days to file an Amendment to the Motion under § 2255, or to object to the recharacterization, or to withdraw his motion.

On September 17, 2007, past the 30-day period, Defendant filed a Motion explaining the reasons he was unable to comply with the 30-day deadline, but seeking leave to object to the recharacterization and withdraw the motion.

Defendant submits exhibits in support of his contention that he was unable to respond timely due to events beyond his control. Those events include the delay in delivery of his mail, his transfers between correctional institutions, his transfer to Arizona for resolution of his state probation proceedings, and his inability to obtain his legal materials at the institution where he is now located.

Defendant's position is supported by the docket notation for July 16, 2007.[3] That notation provides that the Court's July 6, 2007 Memorandum Decision and Order was returned as undeliverable at Defendant's former location and had been re-mailed to him at a new institution "per the inmate locator."[4]

---

[1] *United States v. Nelson*, 463 F.3d 1145, 1149 (10th Cir. 2006).

[2] *Castro v. United States*, 540 U.S. 375, 381 (2003).

[3] Docket No. 35.

[4] *Id.*

The Court finds that Defendant has shown good cause exists to extend the 30-day deadline set by the Court's prior order. The deadline will be extended to September 17, 2007, the date Defendant filed the Petition to Withdraw. Therefore Petitioner will be allowed to withdraw his Motion. It is therefore

ORDERED that the 30-day deadline to file an Amendment to the Motion under § 2255, or to object to the recharacterization or to withdraw his motion is extended to September 17, 2007. It is further

ORDERED that Petitioner is allowed to withdraw his Motion for Extension of Time (Docket No. 32). It is further

ORDERED that as the Motion is withdrawn, it is no longer a § 2255 Motion.

DATED January 23, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge