IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTUS IRELAND,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO CORRECT OR ALTER JUDGMENT<br><br>Case No. 2:04-CR-658 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Correct or Alter Judgment. For the reasons discussed below, the Court will deny the Motion without prejudice.

I. BACKGROUND

On July 28, 2015, Defendant appeared before the Court to respond to allegations that he violated the terms of his supervised release. Defendant admitted those allegations and was sentenced to a term of imprisonment to be followed by a term of supervised release of 24 months. That period of supervised release was ordered to run consecutive to the term of supervised release Defendant received in a different case. Defendant now argues that the Court erred in imposing consecutive terms of supervised release and seeks to amend the Court's judgment.

II. DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1] Here, Defendant relies on Rule

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

1

36 of the Federal Rules of Criminal Procedure. Rule 36 allows the Court to correct a clerical error or an error arising from oversight or omission. However, Rule 36 "does not give the court authority to substantively modify a Defendant's sentence."[2] Here, Defendant's Motion requests a substantive modification of his sentence, which Rule 36 does not permit.

Defendant also relies on Federal Rule of Civil Procedure 60(b)(6) to support his Motion. However, "it is well settled that Fed. R. Civ. P. 60(b) does not provide a vehicle for relief from a judgment in a criminal case."[3] Finally, Defendant cites to Federal Rule of Criminal Procedure 32.1. That provision provides the procedure to be used when revoking or modifying a term of supervision, but does not provide Defendant with a substantive right to a modification.

The Court does note that it retains the authority to modify and even terminate a term of supervised release pursuant to 18 U.S.C. § 3583. In making that determination, the statute directs the Court to consider the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Defendant's Motion does not address these factors and, without that information, the Court is not in a position to determine whether modification or termination is appropriate.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Correct or Alter Judgment (Docket No. 79) is DENIED WITHOUT PREJUDICE.

---

[2] *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996).

[3] *Lehi v. United States*, No. 2:12cv518 BSJ, 2014 WL 869277, at *8 n.33 (D. Utah Mar. 5, 2014).

DATED this 29th day of October, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge